125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rogelio CARDOZA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71102.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Ajf-hre-irz.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rogelio Cardoza-Melendez ("Cardoza"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") order denying his applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Cardoza contends that the IJ erred in failing to find him eligible for asylum and withholding of deportation. We disagree.
 
 
 4
 Because the BIA adopted the IJ's decision, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). The IJ made an adverse credibility finding based on the significant discrepancies between Cardoza's application and his testimony at the deportation hearing. Cardoza explained that he was nervous when he prepared his application.
 
 
 5
 Even if we accept Cardoza's testimony as true, we conclude that substantial evidence supports the IJ's findings. See Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). The incidents Cardoza describes do not rise to the level of severity necessary to establish past persecution. See id. at 339. He has never been harmed or even threatened by the Mexican government, see Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995); nor has anyone in his family, see Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987). Furthermore, Cardoza has presented no evidence that if he returned to Mexico, he would be persecuted because of his political opinion. See INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992).
 
 
 6
 Because Cardoza failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. See Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3